## Martin *v.* Philadelphia, Appellant.

See 54 Pa. Superior Ct. 563.

HENDERSON J., dissenting:

My examination of this case leads me to a different conclusion from that expressed by the majority of the court in the opinion filed. The decision rests on the proposition that the injury sustained by the plaintiff was the result of an act of Providence for which the city was in no wise responsible, but the negligence set forth in the declaration was not that the wire was negligently broken or insufficiently maintained but that after the storm it was negligently permitted to remain in such proximity to the sidewalk as to imperil the safety of persons passing along the street. We may agree with the principle stated that neither the municipality nor an individual is liable for those occurrences which are described as "acts of God" and where the injury is the direct effect of such irresistible phenomena. But the case before us presents different features. The evidence shows that the wire against which the plaintiff fell had

been broken and suspended for about twenty-six hours in one of the most thickly settled localities of the city, and the jury could have found from the evidence that express notice of its condition was communicated to the police station of the district eleven hours before the accident. There was evidence in support of the defense that the electric service in the city was greatly interrupted by the storm and that the available force of electricians was busily engaged for several days in repairing broken wires and other appliances, but the testimony on this branch of the case was given in very general terms and the information was hearsay in its character to a very large extent, the witnesses having received information through reports from various parts of the city. The negligence alleged being that the city neglected to remove the danger within a reasonable time, and it appearing from the testimony that soon after the plaintiff was hurt a man who was not an electrician tied the broken wire to a post at a safe distance above the sidewalk and that this was done in less than five minutes, I think the question whether the city exercised due diligence in removing the danger under the circumstances was one for the jury and was properly submitted by the learned trial judge. Conceding that the injury to the electric system of the city was the act of God there remains the fact that for about twenty-six hours this deadly peril threatened the physical safety of those who might come in contact with it, and as it was shown the danger might be removed in a few minutes and in a very simple manner it does not seem to be a logical answer to the plaintiff's complaint of negligence to say that the wire was broken by a severe storm and that therefore the city is not responsible for consequences occurring twenty-four hours afterward. Without intending to discuss the case fully I have thought it advisable to state briefly the grounds of my dissent. I am authorized by President Judge RICE to say that he concurs in this opinion.